# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LESTER COLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01374 ERW |
| ) | |
| DAIMLERCHRYSLER CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Late Notice of Appeal [doc. #45].

## I. BACKGROUND FACTS

On August 29, 2005, numerous DaimlerChrysler Corporation ("DCC") retirees brought the underlying action against both their Union and DCC (collectively, "Defendants") concerning events related to their eligibility for a certain retirement incentive. On July 25, 2006, this Court granted Defendants' motion for summary judgment and entered judgment in their favor. On or about August 2, 2006, Lester Cole ("Mr. Cole") and Robert Smith ("Mr. Smith"), two plaintiffs in the underlying action, met with Plaintiffs' counsel and requested that counsel file a notice of appeal on behalf of all Plaintiffs. Counsel stated that his firm intended to withdraw its representation of Plaintiffs and declined to file the notice of appeal. On August 28, 2006, this Court granted counsel's motion for leave to withdraw from the case.

Plaintiffs were aware that a notice of appeal had to be filed within 30 days of the Court's judgment or by August 24, 2006. In his affidavit, Mr. Cole stated that he and other plaintiffs

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

began searching for new counsel to prosecute an appeal. Mr. Cole claims that no firm agreed to undertake the representation of Plaintiffs on the short notice required for filing a timely notice of appeal. On or about August 21, 2006, approximately 50 Plaintiffs met, voted unanimously to pursue an appeal and contributed funds for the payment of filing fees.

On August 23, 2006, Mr. Cole and Mr. Bohac proceeded *pro se* and filed a notice of appeal with the United States District Court Clerk's Office. Mr. Cole claims that he sought advice on the procedure for filing a notice of appeal, from the deputy clerk on duty. His understanding of the deputy clerk's advice was that the individual indicated as the first-named Plaintiff in the case caption, could endorse and file a Notice of Appeal on behalf of all Plaintiffs, by filling in the word "plaintiff(s)" in the space designated for identification of the appealing party and by signing the document. However, Mr. Cole learned, after the filing deadline passed, that the notice of appeal had been inadequate to effect an appeal for any plaintiff other than himself.[1]

On September 12, 2006, Plaintiffs were referred to and met with new counsel who agreed to represent Plaintiffs. On September 25, 2006, in order to re-file an appeal on behalf of all Plaintiffs, Plaintiffs moved for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

## II. DISCUSSION

Asserting excusable neglect, Plaintiffs filed a motion to extend the time for filing a notice of appeal. In opposing the motion, Defendants claim Plaintiffs' original notice of appeal was

---

[1] The notice of appeal, filed by Mr. Cole, was processed and the case was forwarded to the United States Court of Appeals. The Court of Appeals has docketed the case as Lester Cole, plaintiff-appellant versus DaimlerChrysler et al., defendant-appellees. The other Plaintiffs in the underlying action are identified by the Court of Appeals as plaintiffs, but not as appellants.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ineffective to constitute an appeal for all Plaintiffs[2] and that the notice of appeal's insufficiency does not constitute excusable neglect.

Rule 4(a)(5) permits the district court to grant a motion for extension of time to file a notice of appeal if two conditions are met. First, the party seeking the extension must file its motion no later than 30 days after the expiration of the time originally prescribed by Rule 4(a).[3]

---

[2] Defendants incorrectly rely on the Supreme Court's interpretation of Federal Rule of Appellate Procedure 3(c) in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988), for the proposition that failure to name all Plaintiffs in the notice of appeal constitutes a failure of those parties to appeal. The holding of that case has been superceded by statute. In order to reduce the litigation spawned by *Torres*, "the Supreme Court subsequently amended Rule 3(c), effective December 1, 1993, to provide that an appeal will not be dismissed for 'failure to name a party whose intent to appeal is otherwise clear from the notice.'" *Barbour v. Merrill*, 48 F.3d 1270, 1275 (D.C. Cir. 1995) (citing Fed. R. App. P. 3(c) advisory committee's note on 1993 amendments).

The Advisory Committee Notes on the 1993 Amendments explain: "rule (3)(c) permits an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually. The test established by the rule for determining whether such designations are sufficient is whether it is objectively clear that a party intended to appeal." *See* Fed. R. App. P. 3(c)(1)(A) ("The notice of appeal must specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiff A, B, et al.," or "all defendants except X").

Thus, "[i]f a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." Fed. R. App. P. 3(c) advisory committee note on 1993 amendments.

Here, Mr. Cole, proceeding *pro se*, filed a notice of appeal, writing his name followed by "plaintiff(s)," in order to effectuate an appeal for all Plaintiffs in the underlying action. Under the Federal Rules, the description "plaintiff(s)," in the caption of the notice of appeal would have been effective for all Plaintiffs, had the document been completed by an attorney. However, since Mr. Cole is not an attorney, his August 23, 2006 notice of appeal filing can only effectuate an appeal for himself. Consequently, Plaintiff Cole's notice of appeal does not constitute an appeal on behalf of all Plaintiffs in the underlying case.

[3] The Plaintiffs' motion was filed in compliance with Rule 4's sixty-day deadline. This Court's judgment was entered on July 25, 2006. Pursuant to Federal Rule of Appellate Procedure 4 (a)(1), Plaintiffs' notice of appeal was due within thirty days after the entry of the Court's judgment or by August 24, 2006. Plaintiff's motion to extend the time for appeal must have been filed no later than 60 days after the judgment or by Saturday September 23, 2006. If the last day

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Second, the moving party must show "excusable neglect or good cause." *Gibbons v. United States*, 317 F.3d 852, 853 (8th Cir. 2003) (quoting Fed. R. App. P. 4(a)(5)(A)(ii)). As the Advisory Note to the 2002 Amendment to Rule 4(a)(5) explains, "the good cause standard applies in situations where there is no fault–excusable or otherwise. The need for an extension is usually occasioned by something that is not within the control of the movant." [4]

Alternatively, "Federal Rule of Appellate Procedure 4(a)(5) permits the district court to extend the time for filing an appeal if the party seeking the extension shows excusable neglect." *Fink v. Union Cent. Life Ins. Co.*, 65 F.3d 722, 723 (8th Cir. 1995). "With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons*, 317 F.3d at 854 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Interpreting the plain meaning of the

---

for filing falls on a weekend day, legal holiday or a day on which the weather or other conditions makes the clerk's office inaccessible, the motion becomes due the next business day the office is open. *See* Fed. R. App. P. 26(a)(3). Thus, Plaintiffs properly filed this motion on the next business day, Monday, September 25, 2006.

[4] In their Opposition to Plaintiffs' Motion, the Defendants incorrectly state that the good cause standard applies only to motions brought within the first thirty-day period during which a timely notice of appeal could still be filed. The Advisory Committee Notes to the 2002 Amendments to Federal Rule of Appellate Procedure 4(a)(5) state: "regardless of whether the motion is filed before or during the 30 days after the original deadline expires, the district court may grant an extension if a party shows either excusable neglect or good cause."
Nevertheless, the Court finds that the good cause standard is inapplicable to the facts of this case. This is not a situation where the failure to comply with the filing requirements was occasioned by circumstances beyond Plaintiffs' control. *See Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990) (circuit courts have found, occasions of no fault arise in rare instances of postal strikes/errors or sudden changes in law). Indeed, the Plaintiffs admit that they were at fault, but argue that their failure to file a timely notice of appeal should be excused.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

phrase excusable neglect, the Court concluded, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. "These [circumstances] include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

The Eighth Circuit has held that the *Pioneer* interpretation of excusable neglect applies when evaluating questions under Federal Rule of Appellate Procedure 4(a)(5). *Fink*, 65 F.3d at 724. "The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Id*.

The Court has weighed the *Pioneer* factors, and finds that the balance tips in favor of Plaintiffs. Importantly, the Court believes that Plaintiffs have provided a satisfactory explanation for the late filing. *See Gibbons*, 317 F.3d at 855. In his affidavit, Mr. Cole explained that he was informed, with less than 30 days before the filing deadline for their notice of appeal, that Plaintiffs' original retained counsel did not intend to file a notice of appeal on Plaintiffs' behalf. Plaintiffs immediately made efforts to procure new counsel, but were unsuccessful. Plaintiffs, therefore, filed a timely notice of appeal, *pro se*, with the assistance of the District Court's deputy clerk. However, Mr. Cole incorrectly believed the notice of appeal he filed would be effective for all Plaintiffs.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The facts set out in Plaintiffs' motion reveal that this is not a case where the failure to comply with the filing deadline was the result of a lawyer's ignorance of the law or inattention to detail. *See Lowry*, 211 F. 3d at 464 ("Notwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."). Thus, the Court's decision to grant Plaintiffs' motion will not "serve to condone and encourage carelessness and inattention in practice before the federal courts and render the filing deadline set in Fed. R. App. P. 4(a)(1) a nullity." *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc. et al.*, 270 F.3d 1, 8 (1st Cir. 2001).

In evaluating the length of delay and prejudice factors of *Pioneer*, the Eighth Circuit has recognized "the delay will always be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." *Lowry*, 211 F.3d at 463. The Court cannot find, and the Defendants do not offer, any evidence to show that Plaintiffs' delay in filing will prejudice Defendants or have a negative "impact on judicial proceedings." Finally, Plaintiffs' efforts to adhere to the filing deadlines and secure new counsel indicates to the Court that Plaintiffs have acted in good faith. Thus, the Court will grant Plaintiffs' motion for extension of time to file a notice of appeal.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Late Notice of Appeal [doc. #45] is **GRANTED**. Plaintiffs shall file an Amended Notice of Appeal within **ten (10) days** of the date of this Order.

Dated this 7th day of December, 2006.

_____
 E. RICHARD WEBBER
 UNITED STATES DISTRICT JUDGE

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com